UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Subpoena Duces Tecum served on Masters Enterprises, Inc. (Seattle) d/b/a Fax List Wholesalers | C20-93 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Robert Kahn's Motion for Relief Under Rule 60(b), docket no. 19, is GRANTED. Kahn is the plaintiff in the underlying action *Kahn v. Grand Slam Enterprises, LLC, et al.*, which is pending in the Northern District of Georgia. Kahn moved this Court to compel a third party to the underlying action, Masters Enterprises ("Masters"), for compliance with a subpoena duces tecum. *See* docket no. 1. On January 31, 2020, this Court entered its Minute Order, docket no. 18, denying Kahn's motion, because Masters contended that it had fully responded to Kahn's subpoena duces tecum and therefore Kahn's request that James Masters, Masters' sole shareholder, officer, and employee, submit his personal computer to forensic analysis to try to uncover lost data would not be proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1). Kahn had also failed to demonstrate that the material he sought with the subpoena could be obtained through other means, such as from the parties to the underlying case in Georgia. Kahn now seeks relief from the Court's Minute Order pursuant to Federal Rule of Civil Procedure 60(b), which authorizes a court to grant relief from an order for misrepresentation and any other reason that justifies relief. The Court finds that Kahn has met his burden under Rule 60(b). Kahn now demonstrates that he has unsuccessfully sought the discovery at issue from the parties in the underlying case. *See* Hershovitz Decl., docket no. 20 at ¶¶ 15-19, 21; Cronnolly Decl., docket no. 21 at

MINUTE ORDER - 1

¶¶ 12-17. Kahn's computer forensic expert also contends that the requested discovery may be recoverable from Masters' computer despite Masters' contention that the data is lost. Docket no. 19 at ¶¶ 9-11. Because the discovery Kahn seeks is unavailable through other means and it is possible to obtain through forensic analysis of Masters' personal computer, the Court finds that pursuant to Federal Rule of Civil Procedure 26(b)(1), Masters' submission of his personal computer for forensic analysis is proportional to the needs of the case. The Court's January 31, 2020 Minute Order, docket no. 18, is VACATED. The Motion to Compel Compliance with Subpoena Duces Tecum Against Masters Enterprises, Inc. (Seattle) d/b/a Fax List Wholesalers, docket no. 1, is GRANTED. Masters Enterprises, Inc. (Seattle) d/b/a Fax List Wholesalers is ORDERED to take the following actions within 30 days of entry of this Order as follows:

(a) Masters shall produce all documents and data files specified in Kahn's Subpoena to Kahn's counsel by email to marc@hershovitz.com and jessica.kerr@hcmp.com (the production with respect to each document should include, as specified in Kahn's subpoena, all electronic versions and data files from email applications, as well as from word processing, spreadsheet, database, or other electronic data repositories applicable to any attachments, and should be provided where possible in its native file format and should include all original metadata for each electronic documents or data file); and

(b) Consistent with General Order No. 02-20, issued on March 17, 2020, and Proclamation by the Governor No. 20-25, issued on March 23, 2020, as soon as reasonably possible, Masters shall provide Kahn's counsel with access to Masters' computers, cell phones, or other media on which the subpoenaed material was stored so that a computer-forensics expert employed by Kahn can make a complete forensic image copy of the media. Masters shall coordinate with Kahn's counsel with respect to the date and time that Masters will provide Kahn's counsel with such access.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of March, 2020.

                              William M. McCool
                              Clerk

                              s/Karen Dews
                              Deputy Clerk